Good morning, Your Honor. May it please the Court? My name is Carmen Sparandoyo and I represent Mr. Fulgham. I would like to reserve two minutes. All right. Can you keep track of your own time? I will do my very best. Your Honor, Mr. Fulgham's appeal is governed by the Supreme Court's decision in De Camp Amatis and by this Court's presidential binding opinions in Marcia, Acosta, and Sahagún Gallegos, both of which apply De Camp in the context of divisible statutes. And although by now I think all of us know what De Camp Amatis stands for, I would like to start with that black-letter law, that the modified categorical approach, just like the categorical approach, remains focused on the elements of the offense, and its only purpose, the only permissible purpose, is to identify the elements of the conviction for a specific defendant. In this case, that question is actually not a very difficult one. I would submit that the record of Mr. Fulgham's plea colloquy demonstrates without doubt that the only element to which he pled was a controlled substance, an overbroad element. Actually, let me ask you, Counsel, doesn't the jury instruction for Health and Safety Code 11-352 require the identification of the particular controlled substance at issue? Your Honor, it is true. The identity of the controlled substance is an element of the offense. However, the modified categorical approach is not— But let me ask you, if it is an element of the offense, why isn't it necessary to the conviction? Well, Your Honor, it is not necessary to the conviction because in Mr. Fulgham's case, nobody deemed it necessary to his conviction. In other words, the modified categorical approach does not focus on whether a theoretical conviction under a statute might qualify under the modified categorical approach. It focuses on whether the defendant's specific conviction qualifies. Right, but if you cannot get a conviction for Health and Safety Code 11-352, unless, if it's a jury trial, a jury unanimously agrees upon the particular controlled substance, it would equally be true for any judge to accept a guilty plea would have to find that all the elements have been met. Otherwise, that judge could not accept the guilty plea. Well, Your Honor— So I guess I'm unclear if it's an element of the offense. The particular controlled substance is an element of the offense. I just don't see how that cannot be considered for the modified categorical approach. Your Honor, I think your question correctly reflects the state of the law in California and the way courts should actually conduct plea conquists. It does not reflect what happened in Mr. Forgham's case. In Mr. Forgham's case, despite the identity of the substance being an element, obviously the prosecutor and the court itself did not deem the identity to be a necessary element of his offense because they did not require anybody to actually identify that substance on the record. Because your guy pled guilty. He pled guilty to a drug offense. What drug was it that he pled guilty to, counsel? He plead guilty to a controlled substance under the California— Which one? Does it matter? He did not plead to a specific controlled substance. Okay, so what difference does it make which one he pled guilty to? It makes a huge difference because under his conviction, he could have been convicted of any of the controlled substances encompassed by the statute. In other words, we don't know if the controlled substance was cocaine, meth, something else. All of which would qualify for the enhancement, correct? Those would have qualified, but the point is that the— He spit it out of his mouth, and it was wrapped, and he was asked if he could get 20. And what—did he spit marijuana out of his mouth, counsel? It does not matter, Your Honor, what he actually spit because— What is the—do we have to prove this beyond a reasonable doubt or by a preponderance? You have—not you, Your Honor, obviously. The government has to prove this unequivocally, and this comes from Taylor's demand for certainty. Standard, there's beyond a reasonable doubt, there's probable cause, and now there's unequivocally? Well, Your Honor, I think that question is yes, unequivocally, because what Taylor tells us about— What case tells me it's unequivocal as opposed to by a preponderance of the evidence? Well, Taylor told us that the categorical approach requires immense certainty, approaching the certainty encompassed by a judicial conviction. And the unequivocal language also comes from Marcia Acosta, and considering the Sixth Amendment underpinnings of the modified categorical approach, yes, I do submit that this demand for certainty is at the very least beyond a reasonable doubt. But to return for a second just to Judge Koh's question, the modified categorical approach is not habeas. We're not here to determine whether Mr. Fulgham's plea was valid under our view. Defense counsel stipulated to the factual basis, right? So assuming that he's bound by counsel's stipulation, why isn't that good enough to establish the substance? It is not good enough, Your Honor, because—and I will leave aside for a second my arguments about the impropriety of relying on defense counsel's stipulation. It is not enough. The what? The what? The impropriety. Of his? Of relying on defense counsel's stipulation. That's why I said assuming, assuming he's bound by counsel's stipulation. Yes, Your Honor. I appreciate that. Assuming that, it is still not appropriate because what the district court did was look at the factual basis to identify the facts that happened in that case and then infer from that fact, from the fact— But you've just conceded that the identity of the particular controlled substance is an element necessary for the conviction. It's not an extraneous fact. Look at the Ninth Circuit decision in Martinez-Lopez. Martinez-Lopez says, look, if you have marijuana versus heroin versus cocaine, I mean, each of those are going to be a separate offense, a separate count. They're not all going to be combined in the same count. I mean, that's why they found that it was a divisible statute, but it's necessary to the conviction that it was cocaine. And then the attorney stipulated to the police report which said it was cocaine. I guess you're saying you should assume that the superior court judge did not make a finding as to the elements necessary to accept the guilty plea. Is that your argument? Well, Your Honor, I would like to make two clarifications. The police report does not say cocaine. It says suspected cocaine. And second, there is no indication whatsoever in the record that the state court found that the substance was cocaine. There is no such finding. Nobody even mentioned the word suspected cocaine or cocaine. So unless you are suggesting that the state court was free to go outside the record and make this factual finding somewhere on, you know, outside the record. Okay, I mean, I'm just looking at the police report. Under offense type, it says cocaine-based rock offense. And then if I look at, I mean, this, we have to assume, because this was a stipulation to the police report, that this is the factual basis statement. And it, you know, specifically says one wrapped rock of suspected cocaine. It says cocaine. Is there any... Suspected cocaine is not the same as cocaine. But more importantly... Is if you don't contest it and you plead guilty. That's not true, Your Honor. It is not, unless you admit it. He just pled guilty to something that was different than what he did. He pled guilty to a controlled substance. Okay. And I see that... Good luck with that in front of a jury council. Well, Your Honor, I think, and if I may, I am happy to go into my rebuttal time. No, that's fine. Go ahead. Yeah, I think we've gotten your argument. It really boils down to the stipulation and the force of that stipulation. It's a factual scenario that is a little different than the existing precedent. So I get where you're going with your argument. Thank you. Okay. We'll put two minutes on the clock when you come back for rebuttal. Good morning, and may it please the Court. Matthew Yelovich on behalf of the United States. I'd like to pick up on some of the questions that the Court had for my friend. Judge Koh, you had asked, isn't the identity of... Actually, let me ask you a question. The language of sahagun gallegos is so explicit that the defendant must assent to the factual basis for a plea. And in this case, the factual basis was never stated in open court. At least in sahagun gallegos, the attorney did place on the record, maybe perhaps in a vague way, what the attorney thought the factual basis was so his client or her client could hear it. In this instant case, there was no explicit factual basis at all put into the record to which Mr. Fulgram could have assented. Your Honor, I think that the difference between sahagun gallegos and Hernandez-Hernandez is instructive. In the latter case, this Court faced the precise question of what the effect of an attorney's stipulation to a factual basis in front of his client had, what effect that had in terms of the categorical analysis. And this Court held over a dissent on this exact point of whether the defendant had to personally admit the factual basis or whether the attorney's stipulation bound the defendant who was present when the attorney made that factual stipulation controlled. And this Court held in Hernandez-Hernandez that a factual stipulation that an attorney enters into in front of his or her client is binding on the defendant. And that distinction with sahagun gallegos is the defense counsel in that case was simply saying aloud what the factual basis was. And there's a critical distinction in the types of predicates at issue. And this Court drew that distinction in Marcial Acosta at footnote 10, page 1255 of that opinion, where it talked about the difference between predicate offenses that have nested elements and those that have mutually exclusive elements. And it might be problematic to consult a factual basis like in sahagun gallegos where the underlying predicate had nested elements because someone can walk into a court and plead guilty to a base offense level of recklessness. And so if you're looking at a factual basis, you are essentially doing what DeCamp and Mathis prohibit, which is you're trying to figure out if they actually committed a heightened version of that predicate offense. But here we have mutually exclusive elements. We know that he has never challenged the validity of his guilty plea in State court. This morning, for the first time, my friend said that the Superior Court judge might have committed an error during the plea colloquy. But he has never said that that guilty plea was invalid. And since he has never said the guilty plea is invalid, it means that he must have admitted to all of the elements of the offense. One of the elements of the offense of conviction, as you pointed out, Judge Koh, is the identity of the controlled substance. But what about the defense's argument that Almazan Becerra, Martinez-Martinez, those are no longer good law based on all the intervening cases that have been issued since then? And I still have concerns about the very explicit language in Zahagun-Gallegos that the factual basis must be assented to by the defendant. So let me take that final point first, and then I'll talk about why Almazan Becerra and Hernandez-Hernandez remain good law. The attorney's stipulation in front of the defendant, factual stipulation in the defendant's presence in open court, binds the defendant as if the defendant had entered that stipulation him or herself. That is true whether it's in the victim's presence. But only as the necessary elements, correct? But only as the necessary elements. We are not saying that all of my friend's arguments about the effect of that stipulation under state law remain available to Mr. Fulgham. It may not be admissible against him in some future state proceeding, but just for identifying the elements that he pled guilt to. But how is that different than what happened in Zahagun-Gallegos? The attorney was an officer of the court, made the representations about what the factual basis were on behalf of his client on the record. Can you really put all the weight on just saying I'm stipulating to this versus I'm going ahead and stating the factual basis for the record in open court? I think that is a distinction with legal significance, Your Honor. But I think the other point is that the nature of the predicates, which Zahagun-Gallegos also pointed out, the nature of the predicate offense in that case was such that a defendant need not necessarily admit that his mens rea was heightened beyond recklessness in order to plead guilty to that offense, the Arizona statute at issue there. You can walk into court and plead guilty under a recklessness mens rea, whereas in this case there is no way for Fulgham to have pled guilty to this offense without identifying a controlled substance as an element of the offense. Does it matter which substance, though? Is it good enough that he says, okay, well, I pled guilty to sale of a controlled substance, and it can be one of the listed substances under the California statute? It doesn't really matter which substance for purposes of the guilty plea? I don't think that would be valid, Your Honor, because as Judge Cope pointed out, the jury instructions, Calcrim 2300, is quite explicit that one of the elements of the offense is not that there was, in fact, a controlled substance. It's identifying the precise controlled substance at issue. The element says the controlled substance was blank, insert type. So, you know, I don't think that, and I think Martinez-Lopez is quite clear on that, which is this is a divisible statute. The identity of the controlled substance is an element itself. It's not a means of violating the statute, which is to say the element is not just that there was a controlled substance, and then the means is sort of which controlled substance. It the identity is the element itself. So I think for that reason, because, again, he has never challenged the validity of that guilty plea. We know that he must have pled guilty to all of the elements of that State offense, and one of the elements was the identity of the controlled substance. I want to touch just briefly on why Almazan-Becerra and Hernandez-Hernandez remain good law. Two points on that. First, my friend argued for the first time in a reply brief that those are clearly irreconcilable with intervening precedent. That argument is not made in the open – in Fulgham's opening brief. Fulgham doesn't mention Almazan-Becerra or Hernandez-Hernandez, which are otherwise have been repeatedly reaffirmed by this Court. And so that argument is waived. But even on the merits, it's – it's simply not the case that those cases are clearly irreconcilable with DeCamp and Mathis. They're about different things. DeCamp was about whether you could look to the record evidence in a situation where the underlying predicate was indivisible. Here, Fulgham concedes, as he must, that this predicate offense is divisible. And in Mathis, the question presented was whether you could look to the means by which a defendant violated a predicate offense. And the Supreme Court was quite clear that the focus is on the elements that the defendant necessarily admitted or that a jury necessarily found. But here, Fulgham concedes, as he must, under Martinez-Lopez, that the identity of the controlled substance is, in fact, an element. It is not the means by which one violates the statute. Let me ask you, if we disagree with you and we remand, do you concede that any resentencing should be on the existing record? That's what your footnote 5 seems to imply. But I just wanted to get confirmation. We do concede that, Your Honor. And I can speak to why that's so. But we concede that a closed – a closed remand would be appropriate. Obviously, we would urge the Court not to remand. And I think affirmance is required under Homo samba sera. Do you see any distinction or any significance from the fact that in Saha Gun Gallego's, the factual basis was stated by counsel versus the stipulation to the factual basis? I think that there is a legal difference between those two things, Your Honor. What's the distinction? I think that Hernandez-Hernandez points out that going back to United States v. Furabuf, when a defense attorney enters into a factual stipulation in front of his or her client, it is binding on that party that's in a federal trial. That's true. It's true in a plea colloquy. And that's different than when an attorney is just talking. Now, obviously, it's a fine distinction. I acknowledge that that is the strongest argument I think my friend has on the other side. But there's no – that's the only way to read that – those lines of cases as consistent out of this Court. You have Homo samba sera and United States v. Lee and Hernandez-Hernandez on one side. And then you have, I think, Saha Gun Gallego's on the other. And I think a way to harmonize those cases is to say it's one thing when a defense attorney is simply speaking in open court and the defendant doesn't object to what the attorney is saying. It's quite another thing when the attorney enters a formal stipulation on behalf of his or her client in his or her presence. That's a binding stipulation regardless of the context. This Court has repeatedly held so across a range of cases. I have one question. You have to educate me on California law. So he's convicted under 11352 subparagraph A of the California Health and Safety Code, correct? That's correct, Your Honor. And if he pleads guilty to possession of a controlled substance, does it matter which controlled substance he pleads guilty to as far as the penalty is concerned? So is it the same penalty for all the drugs listed or not? I can't speak to whether it's the same exact penalty for all the substances or not, although I can say that in United States v. Martinez-Lopez, this Court sitting en banc in 2017 went into all the reasons why it's divisible as the identity of the controlled substance. And the main reason is for double jeopardy purposes. You can have it. I understand that, but I'm just talking about it as a practical matter. The defendant gets in front of the judge. He pleads guilty to this code violation, and the judge tells him what the sentencing maximum and minimum is. And that's consistent with cocaine, right? I believe so, Your Honor, yes. With any other drug that might have a different sentence? I can't speak to whether there's quite a long list of controlled substances that are prohibited under the reference statute, so I can't speak to what the penalties are for each and every one of those. I can tell you that, yes, the penalty that was described is consistent with cocaine, and Fulgham has never challenged that reality. All right. We've taken you over time, but thank you very much for your argument. Thank you. Can we put two minutes on the clock? Thank you, Your Honor. Let me start with that clarification. Yes, the penalty for 11-3-52A is the same regardless of the identity of the drug, substance, and it is three, four, or five years, because California has low presumptive and high term. That is also one more reason why this record confirms that Mr. Fulgham did not plead to cocaine, but only to a controlled substance. And that is something that Marcia Acosta actually emphasized as well. But the problem with your argument is your concession that it's a necessary element of the offense. So once you make that concession, and if that is, in fact, the law, that it is a necessary element of the offense, he can't be convicted of that charge unless the factual basis exists for each element, right? So the only way for you to prevail would be to rely on the language in the case law that says that a personal assent is really required, which that runs counter to the case law that says you're bound by counsel's stipulation, even in the criminal context. Well, Your Honor, I disagree. First of all, again, the question is not whether Mr. Fulgham's plea was valid. It's what did he plead to. But I also agree that I also have a very good argument because he did not personally assent to that factual basis. Can we talk about the assent? Almazan-Bacera seems controlling on that point because it was a stipulation. And in Descamps, there was no express holding about assent. Your Honor— So unless you can somehow undermine Almazan-Bacera, it's still controlling law. And if Descamps doesn't do that, then how are we to ignore it? And I respectfully submit that, yes, I have already undermined that line of cases because Almazan-Bacera and all the way back to Smith, they all assumed that the effect of a factual basis stipulation by a defense attorney under California law is the same as would happen in federal law in the context of the jury trial. That is not true. California Supreme Court, whose only opinion and holdings on this matter in this context, tell us in no uncertain terms that the factual basis is a minimal requirement and does not require a defendant's personal assent to the truth of the allegations. Almazan-Bacera and all those cases did not consider California— But if you're asking us to look at state law on the truth of allegations and whether it's just a prima facie, aren't you then asking us to look into the facts, which is prohibited? We're just supposed to look to see if elements have been pled to that would make this particular state offense a match with the federal generic offense. I disagree, Your Honor. Applying California Supreme Court decision on the significance of factual basis under California law does not mean that we're looking at the facts. It means, it demonstrates that Almazan-Bacera and all those decisions were wrong in ignoring California law. But you're saying those state laws don't require defendants when they plead guilty to say that the facts stated in the factual basis are true, and so that some of those facts are not true. Isn't that your point about state law? No, Your Honor. My point about the modified categorical approach is that we need to focus on what happened in a particular case. And the fact that in the vast majority of cases, the substance would indeed be charged in the document and would be reflected in the abstract of judgment is irrelevant because that's not what happened in Mr. Cardam's case. We've taken you over time, but I appreciate your argument. I think this case is a good illustration of the difficulties of the whole categorical approach, modified categorical approach framework. But that's what we got to work with, and we'll do our best to sort it out. Thank you. The matter is submitted.
judges: NGUYEN, KOH, Bataillon